FILED
United States Court of Appeals
Tenth Circuit

**January 25, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRYL L. HINTON,

        Plaintiff - Appellant,

    v.

JAMES DENNIS; JOE S. VASSAR;
DAVID N. MARTIN; MICHAEL
LOEFFLER; CREEK COUNTY
CRIMINAL JUSTICE CENTER; KELLY
BURCH,

        Defendants - Appellees.

No. 09-5130
(D. Ct. No. 4:09-CV-00390-CVE-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Plaintiff-appellant, Darryl L. Hinton, brings this pro se appeal to challenge the

dismissal of his 42 U.S.C. § 1983 complaint based on judicial and prosecutorial immunity

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and for failure to state a claim upon which relief may be granted.  We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

Mr. Hinton's civil claims arise from his criminal prosecution in Creek County, Oklahoma.  Mr. Hinton was charged with: (1) Assault and Battery With a Dangerous Weapon; (2) Resisting an Officer; and (3) Public Intoxication.  After a jury found Mr. Hinton guilty of all charges, the trial court imposed consecutive prison sentences of five years, one year, and thirty days for these respective offenses.  Subsequently, Mr. Hinton filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleges violations of his constitutional rights by six defendants involved with his criminal prosecution.  Mr. Hinton's complaint generally alleges a conspiracy to deny him an unbiased and fair trial by the following defendants: Creek County District Court Judges, Joe S. Vassar and David N. Martin; Creek County Assistant District Attorney, Michael Loeffler; Mr. Hinton's public defender, James Dennis; the Creek County Criminal Justice Center; and Kelly Burch.

The district court dismissed Mr. Hinton's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and based on judicial and prosecutorial immunity.  Specifically, the district court concluded that: Judge Vassar, Judge Martin, and Mr. Loeffler were absolutely immune from suit; Mr. Dennis was not a state actor who could be sued under § 1983; the Creek County Criminal Justice Center was not a separate suable entity; and Mr. Hinton failed to state any claim

- 2 -

against Kelly Burch. Mr. Hinton then filed a "motion to set aside Opinion and Order" which the district court denied. Finally, the district court allowed Mr. Hinton to file an untimely notice of appeal, because he demonstrated good cause for that late filing. On appeal, we consider whether the district court correctly dismissed Mr. Hinton's § 1983 complaint.

## II. DISCUSSION

We review a district court's determination of absolute immunity de novo. *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994). Similarly, we review a district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) de novo and employ the same standards that we employ when considering a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In this context, we examine the complaint to determine whether it contains specific factual allegations that support a plausible legal claim for relief. *Id.* Additionally, we must construe pro se complaints liberally, but we are mindful that it is not the proper function of a court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.    Judicial Immunity – Judges Vassar and Martin

A judge is absolutely immune from suit for acts taken within his or her judicial capacity. *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). To overcome this immunity, a plaintiff must demonstrate that a judge's actions were either outside the

judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In his complaint, Mr. Hinton generally contends that Judges Vassar and Martin conspired with other defendants to deny him a fair and unbiased criminal trial. Specifically, Mr. Hinton alleges that Judge Martin forwarded his case to Judge Vassar "even though he had to add things to the charges instead of applying the law," and that Judge Vassar refused to give him new counsel upon request, denied him access to the prison law library, did not allow him to speak at trial, and required him to undergo a mental evaluation without his consent. These allegations fail to overcome Judge Vassar's or Judge Martin's absolute judicial immunity because they do not demonstrate that either judge acted outside his judicial capacity. Accordingly, we agree with the district court that both Judge Vassar and Judge Martin are absolutely immune from this § 1983 suit.

B.      Prosecutorial Immunity – Mr. Loeffler

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process." *Gagan*, 35 F.3d at 1475 (internal quotations omitted). Prosecutors are only entitled to qualified immunity, however, for investigative or administrative actions. *Id.* To determine whether a prosecutor is entitled to absolute or qualified immunity, "the determinative factor is advocacy because that is the prosecutor's main function." *Id.* (internal quotations omitted).

Mr. Hinton's complaint alleges that Mr. Loeffler continued to prosecute Mr.

Hinton's case when he should have dismissed it, and that Mr. Loeffler made a disparaging remark about Mr. Hinton during the criminal trial. We conclude that these acts were intimately associated with the judicial process and were undertaken by Mr. Loeffler in his role as an advocate. Accordingly, we agree with the district court that Mr. Loeffler is absolutely immune from suit.

C.      Mr. Dennis Did Not Act Under Color of State Law

A defendant may only be liable under § 1983 if he acts under color of state law. *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Mr. Hinton's complaint contends that his attorney, Mr. Dennis, failed to protect his rights and talked to him like he did not know the law. These general factual allegations are plainly insufficient to allege a constitutional violation. Furthermore, these alleged acts were taken by Mr. Dennis while performing his traditional advocacy functions and were, therefore, not taken under color of state law. Accordingly, we agree with the district court that Mr. Dennis may not be sued under § 1983.

D.      The Creek County Criminal Justice Center Is Not A Suable Entity

Generally, governmental sub-units are not separate suable entities that may be sued under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity"). Mr. Hinton's complaint does

not make specific factual claims against the Creek County Criminal Justice Center and does not demonstrate why this governmental sub-unit is a suable entity. Accordingly, we agree with the district court that the Creek County Criminal Justice Center is not a suable entity under § 1983.

     E.     <u>Mr. Hinton's Complaint Contains No Factual Allegations Against Kelly Burch</u>

For a complaint to withstand dismissal it must state specific factual allegations that make a legal claim for relief plausible. *Kay*, 500 F.3d at 1218. Although Mr. Hinton names a "Kelly Burch" in the caption of his complaint, he fails to make any factual allegations against this person or even identify this person's role in his prosecution. Accordingly, we agree with the district court that Mr. Hinton's complaint fails to state a claim upon which relief may be granted against Kelly Burch.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

          ENTERED FOR THE COURT,


          Deanell Reece Tacha
          Circuit Judge